UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN M. STEWART                                                  CIVIL ACTION

VERSUS

HOME DEPOT                                                            NO.: 13-00713-BAJ-SCR

## RULING AND ORDER

Before the Court is Defendant Home Depot's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (Doc. 13)**, seeking to dismiss *pro se* Plaintiff Carolyn M. Stewart's Complaint on grounds of insufficient process and insufficient service of process. Plaintiff has filed no response to the instant Motion.

Federal Rule of Civil Procedure ("Rule") 4(h) requires service upon a corporation in accordance with state law procedures for serving a summons, or upon an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Defendant, a corporation, argues that Plaintiff's summons and complaint were putatively served on an individual who was not Defendant's registered agent or agent otherwise authorized by appointment or law to receive service. The Process Receipt and Return certifies service upon one "Don Harriford manager." (Doc. 11 at p. 1).[1] Defendant asserts that no company or individual is authorized to receive service on

---

[1] Defendant avers in the instant Motion that the individual listed on the executed return for service is one "Don Ha**nn**iford manager." (Doc. 13-1 at pp. 2–3). Upon inspection of the Process Receipt and Return, the Court concedes that reasonable minds could differ in deciphering the handwritten name of the individual served in this case.

1

USM - Certified

Defendant's behalf except the entity "CSC of St. Tammany Parish, Inc." as listed on the Louisiana Secretary of State's website. (Doc. 13-1 at pp. 2–3). Further, the record reflects that Defendant not served until March 10, 2014. (Doc. 11). Defendant argues that service was untimely because it did not occur within 120 days of Plaintiff's filing of the Complaint on October 31, 2013. (*See* Doc. 1).

Rule 4(m) provides that failure to serve a defendant within 120 of a complaint's filing may be grounds for dismissal, but the Court also has the discretion, on its own accord, to order that service be made within a specified time beyond 120 days. *See* Fed. R. Civ. P. 4(m).

In the instant matter, Plaintiff is proceeding *in forma pauperis*, and therefore the Clerk of Court directed the issuance of process to be executed by the U.S. Marshal. (Doc. 9). *See* Fed. R. Civ. P. 4(c)(3) (court must order service by U.S. marshal or deputy marshal for service on behalf of *in forma pauperis* plaintiff).

Here the Plaintiff, proceeding *pro se* and *in forma pauperis*, relied solely on the U.S. Marshal to execute service. In an instance in which the failure of proper service was not attributable to Plaintiff herself, the Court deems it appropriate to grant an extension for service of Summons and Complaint in this matter.

Accordingly,

**IT IS ORDERED** that Defendant Home Depot's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (Doc. 13)** is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the U.S. Marshal Service shall execute service of Summons and Complaint in the above-captioned matter to Defendant's registered agent in the State of Louisiana at the following address:[2]

>CSC of St. Tammany Parish, Inc.
>215 St. Ann Drive, Suite 2
>Mandeville, LA, 70471-3394

**IT IS FURTHER ORDERED** that the U.S. Marshal shall execute service no later than **January 30, 2015**.

Baton Rouge, Louisiana, this 19th day of December, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] Defendant states that it has designated an agent for service of process in Louisiana, whose identity and information is "easily locatable" on the Louisiana Secretary of State's website. (Doc. 13-1 at p. 2). In the instant Motion, Defendant twice lists the street address of said agent, CSC of St. Tammany Parish, as "214 St. Ann Drive." (Doc. 13-1 at pp. 2–3). Yet upon review of the Secretary of State's website, the Court finds that Defendant's registered agent, at least according to state records, is located at 215 St. Ann Drive. *See Commercial Search: Home Depot U.S.A., Inc.*, LA. SEC'Y OF STATE, https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=359478_CF G62 (last visited December 19, 2014).